No. 672 December 20, 2023 693

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. N.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. O. H.,
aka M. O. B.,
*Appellant.*

Multnomah County Circuit Court
19JU01869; A181150

Joseph S. Hagedorn, Judge pro tempore.

Submitted October 6, 2023.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Elena C. Stross, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Stacy M. Chaffin, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this juvenile proceeding, father challenges the denial of his motion to dismiss dependency jurisdiction over A, who was six years old at the time of the hearing. The juvenile court initially asserted dependency jurisdiction over A as to father based on the admission that father lacks a relationship with A and is prohibited from contact based on a protective order out of Oklahoma where A was born. After a contested hearing, the court also asserted jurisdiction based on four additional bases: father exposing A's sibling to domestic violence; father sexually abusing A's sibling and demonstrating a pattern of engaging in inappropriate sexual conduct; father having his parental rights terminated as to another child and the conditions and circumstances giving rise to the prior termination not being ameliorated; and A's diagnoses combined with the lengthy period of estrangement between A and father creating a risk of significant emotional harm to A if placed in father's care. About nine months later, father filed a motion to dismiss dependency jurisdiction, which was granted in part and denied in part. The court dismissed the jurisdictional basis that father lacked a relationship with A and denied the motion as to the remaining bases. On appeal, father raises five assignments of error, which collectively challenge each of the remaining bases for jurisdiction and assert that the juvenile court erred in denying father's motion to dismiss. As explained below, we affirm.

In reviewing the juvenile court's decision to deny a motion to dismiss jurisdiction and terminate a wardship, we review the evidence in the light most favorable to the court's disposition as supplemented and buttressed by permissible derivative inferences and assess whether—when so viewed—the record was legally sufficient to permit that outcome. *Dept. of Human Services v. D. A. S.*, 261 Or App 538, 540, 323 P3d 484 (2014). Because the parties are familiar with the procedural and factual background, we set out in this nonprecedential memorandum opinion only those facts necessary for our discussion of each claim.

*Exposing A's sibling to domestic violence.* Father argues on appeal that DHS failed to prove that this basis for jurisdiction continues to pose a risk of harm because the

evidence demonstrated only one incident with father's ex-wife that occurred nearly two years before the hearing and the incident did not result in a police report. Pointing to his participation in a domestic violence (DV) prevention program and the lack of evidence that he continues to have a contentious relationship with his ex-wife, father contends that the juvenile court erred when it denied his motion to dismiss on that basis. The difficulty with father's argument, however, is the court's findings—which are supported by evidence in the record—that he "continues to take low accountability or has limited insight into his behaviors" and that he "continues to deny and minimize his past behaviors" such that his behavior continues to pose a current threat of serious injury or loss to A. Father testified that, although he has participated in the DV program since 2019, he has yet to complete the program and he knew that the program had concerns based on his limited self-disclosures and his failure to take responsibility for his actions.

*Sexual abuse of A's sibling and pattern of inappropriate sexual conduct.* Father faults the juvenile court's decision denying his motion to dismiss in this regard by arguing that there was no evidence that he presented a high risk of reoffending or that he would persist in harmful activities. There is evidence in the record, however, to support the juvenile court's finding that father had not engaged in any treatment or services to address the underlying allegation. Moreover, the unreliability of the psychosexual evaluation combined with father's continued denial that the sexual abuse happened provide sufficient evidence to support the court's conclusion that the threat of harm persists.

*Prior termination and those conditions have not been ameliorated.* Father's parental rights to A's sibling were terminated, in part, based on mental health, sexual abuse, and substance abuse. The juvenile court in this case determined that the conditions and circumstances relating to both sex abuse and substance abuse continued to pose a current threat of serious loss or injury to A that is reasonably likely to be realized. The court agreed with father's argument that DHS failed to present evidence relating to the conditions and circumstances of father's mental health and thus removed that portion of the jurisdictional judgment. As described above,

the conditions and circumstances relating to sexual abuse continued to place A at risk and therefore the juvenile court did not err in denying the motion to dismiss on that basis. With respect to substance abuse, father reported that he continued to use marijuana every day or nearly every day and there is evidence in the record that his substance abuse led him to being emotionally disconnected and unable to act in a protective manner or to meet A's needs. Moreover, A's sibling reported that father used marijuana and methamphetamine daily when he sexually abused the sibling. In short, there is sufficient evidence in the record to support the court's decision to deny father's motion to dismiss.

*Child's diagnosis and lengthy period of estrangement.* Father argues on appeal that this jurisdictional basis does not continue to pose a risk of harm to A because he and A are no longer estranged and because there is no evidence in the record of the degree or duration of harm that A would experience if A was placed in his care. We disagree with father's argument. There is evidence in the record—primarily from testimony by A's therapist, Rintoul—to support the juvenile court's findings that A continues to have concerning symptoms, that A does not view father as a caregiver, and that father "lacks the ability to meet [A's] needs including establishing a routine." First, as to A's diagnosis, Rintoul testified that A continues to experience symptoms relating to the diagnosis of Trauma, Otherwise Specified. Second, as to the lengthy period of estrangement, father continues to live in Oklahoma and has never provided care or had custody of A. Finally, although Rintoul further testified that father has been enthusiastic and collaborative in working with A, the court did not find father's assertion that he would get A into counseling to be credible. Taken together, those facts are sufficient to support the court's finding that the jurisdictional basis continues to pose a risk of harm to A.

*Denial of the motion to dismiss.* In his final assignment of error, father asserts that the juvenile court erred in denying his motion to dismiss dependency jurisdiction and terminate its wardship over A. For the foregoing reasons, we conclude that the juvenile court did not err.

Affirmed.